**Charles W. JACKSON, Plaintiff,**

v.

**Detective Frank CROSS, Creve Coeur Police Department, and the City of Creve Coeur, Defendants.**

**No. 83–1066–C(4).**

United States District Court,
E.D. Missouri, E.D.

March 7, 1985.

Harry W. Wellford, Jr., St. Louis, Mo., for plaintiff.

J. Leonard Walther, Clayton, Mo., for defendants.

### MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter comes before the Court on the defendants' motion for summary judgment.

In his complaint, plaintiff alleges that he received an 8.10 carat sapphire stone as a gift from a friend. Plaintiff subsequently had the stone appraised, and was informed that the stone was worth $5,518.02. Plaintiff took the stone to a jeweler, where he entered into a brokerage agreement to have the stone sold. One week later, plaintiff was contacted by the jeweler and was told to pick up his stone. Plaintiff alleges that when he arrived at the jeweler's place of business, he discovered that the stone that was returned to him was not the same stone which he had deposited earlier. Plaintiff then contacted the Creve Coeur police department, and deposited the "switched" stone with them. Subsequently, plaintiff learned that the stone he deposited with the Creve Coeur police department had been delivered to Mr. Otto Erker, the true owner of the stone. The police had discovered that the stone had been previously stolen from Mr. Erker. The plaintiff does not dispute the fact that Mr. Erker is the true owner of the stone. The plaintiff does, however, attack the validity of the procedures used by the Creve Coeur police department in returning the stone to the rightful owner. This Court, upon reviewing the plaintiff's amended complaint, and the affidavits and memoranda presented, comes to the following conclusion.

■ Summary judgment should only be granted where there is an absence of genuine issue as to any material facts. *See* F.R.Civ.P. 56(c). The moving party must establish the right to judgment with clarity, leaving no room for controversy. *See Snell v. United States,* 680 F.2d 545, 547 (8th Cir.1982); *Jackson v. Star Sprinkler Corp.,* 575 F.2d 1223, 1226 (8th Cir.1978). A heavy burden is placed upon the party moving for summary judgment because the Court reviews the evidence in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–159, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970). The Court must also give the nonmoving party the benefit of all reasonable inferences to be drawn from the facts. *See Adickes,* 398 U.S. at 158–159, 90 S.Ct. at 1608–1609. In spite of the deference which has been given to the plaintiff

by this Court, it is the opinion of the Court that summary judgment is warranted in this case.

■ In his deposition, plaintiff admits that he had prior knowledge that the stone in question may have been stolen when he deposited the stone with the police. Plaintiff further admits that he failed to inform the Creve Coeur police of that fact because he did not believe the person who informed him that the stone had been stolen. Although it can be said that an issue remains as to whether the plaintiff was reasonable in his belief, this issue is not material in light of the fact that plaintiff now admits that the stone is not his property. The protections of procedural due process apply only when an individual is in danger of being deprived of his constitutionally protected rights. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In order for the plaintiff to have a protectable property interest in the stone, he must establish ownership or he must allege that he has a legitimate claim of entitlement. *See Roth,* 408 U.S. 564, 92 S.Ct. 2701; *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Plaintiff has clearly failed to establish that he has a property interest in the stone. Plaintiff admits that he has no ownership rights in the stone. Plaintiff's only complaint is that he should have been informed before the police returned the stone to its rightful owner. The failure on the part of the defendants to give plaintiff notice does not, by itself, constitute a constitutional deprivation. "The due process clause does not require procedural safeguards as an end in themselves; there must be a demonstration that the safeguard in question will measurably increase the protection afforded the right at issue." *Cofone v. Manson,* 409 F.Supp. 1033, 1042 (D.Conn.1976). In the instant case, even if the police department had given plaintiff notice that the rightful owner of the stone had been found, plaintiff still would not have been entitled to the stone. It is true that plaintiff could have disputed Erker's right to the stone. But

since the plaintiff admits that he is not the true owner of the stone, plaintiff has failed to allege that he has sustained damages which can be compensated under 42 U.S.C. § 1983. *See, e.g., Carey v. Piphus,* 435 U.S. 247, 255, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978); *Wood v. Strickland,* 420 U.S. 308, 319, 95 S.Ct. 992, 999, 43 L.Ed.2d 214 (1975). Therefore, in light of the fact that plaintiff has failed to establish that the defendants deprived him of property to which he had a legitimate claim of entitlement, the Court will grant defendants' motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion for summary judgment is **GRANTED.**